## J. C. McWHORTER v. THE STATE.

No. 7311.   Decided February 14, 1923.

**1.—Rape—Impeachment—Predicate—Not Responsive—Hearsay.**

Where, upon trial of rape, the State sought to impeach the defendant's witness and over objection asked her if she had not told her mother-in-law that she had a conversation with defendant or with his wife in his presence, etc., which she denied, the State could not impeach her by showing that the witness had a conversation with defendant or his wife not in his presence or hearing, as this was purely hearsay.

93 T. C.—25

**2.—Same—Unchaste Character of Female—General Reputation.**

Upon trial of statutory rape, testimony of the previous general bad reputation for virtue and chastity of prosecutrix was inadmissible as a defense and there was no error in the court's action in sustaining an objection thereto by the State.

**3.—Same—Continuance—Want of Diligence—Impeachment Testimony.**

Where appellant's application for a continuance showed a want of diligence, was of an impeaching character and immaterial, there was no error in overruling same.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of statutory rape; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*A. M. Mood,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Potter County of statutory rape, and his punishment fixed at confinement in the penitentiary for a period of thirty years.

From the record we learn that appellant married the mother of prosecutrix a few years prior to the date of the occurrence made the subject of the instant charge. Some months prior to the date of said alleged rape appellant's wife died. From that date appellant lived with his step-children until after the date of the said charge, prosecutrix being taken by her own father and kept by him after the bringing of this charge against appellant down to and during the trial hereof. There was quite a vigorous contest made upon the proposition of whether or not prosecutrix was over or under fifteen years of age at the date of the paarticular occurrence, the jury's consideration being limited by the charge of the court, in determining the guilt of the accused to the proposition that they must believe her under fifteen. It was insisted by appellant and his witnesses that prosecutrix was past her fifteenth birthday at such time and, therefore, subject to attack upon the proposition that she was of previous unchaste character at the time of the rape, and had consented thereto. As a part of his defensive proof, appellant attempted to show the previous unchaste character of prosecutrix by testimony to the effect that her general reputation for virtue and chastity anterior to such time, was bad. The rejection of testimony to this effect is made the subject of a bill of exceptions.

The law allowing one charged with statutory rape upon a female between the ages of fifteen and eighteen, to show as a matter of defense that such female had consented and that she was of previous unchaste character, is of recent date in this State, and the only decisions

of our court shedding light upon this matter are also recent decisions. In Norman v. State, 89 Texas Crim. Rep., 330, the subject under discussion was adverted to and the rule herein announced, briefly stated. Without extended discussion of authorities cited in the opinion in said case, it is now stated that an examination of them discloses that in the majority of the States of our Union the rule is adhered to that evidence of general bad reputation for virtue and chastity, is inadmissible where the defense is based upon a claim of previous unchaste character. Said authorities draw the distinction between general reputation and its reference to what others or the public generally may say or think with reference to the virtue and chastity of the female in question, and of the chaste character of such female as affected by her actual conduct. We have examined the authorities cited in said opinion and believe the rule announced in the majority of our States is sound, and that the trial court in the instant case committed no error in rejecting said testimony.

Mrs. Bessie Record gave material testimony in appellant's behalf. From bill of exceptions No. 14 we gather that the State ought to impeach this witness, and asked her over objection if she had told her mother-in-law, Mrs. Polly Record, that she had a conversation with appellant, or with his wife in his presence, relative to his having had sexual intercourse with Velma Harrison, prosecutrix herein, Velma being, as above stated, the daughter of appellant's wife by a former husband. Mrs. Bessie Record denied having had such conversation. The State then introduced Mrs. Polly Record. Appellant again objected to her testimony upon the ground that the predicate laid for impeachment was insufficient and the subject matter of the proposed impeachment was immaterial, prejudicial and hearsay. We quote from said bill of exceptions at this point:

"Q. (By Mr. Thompson, counsel for the State): Now, Mrs. Record, I hope we will be able to ask you a question this time. Have you had any conversation with Mrs. Bessie Record relative to any transaction which the defendant is alleged to have had with this girl in this case? (referring to prosecutrix, Velma Harrison) whereupon counsel for the defendant objected because said question called for hearsay testimony, conversations in the absence of the defendant and did not follow any predicate attempted to be laid and the court admonished State's counsel. "You must confine her now to what happened, what you asked this other witness about and nothing else,' and State's counsel further inquired: 'I will ask you whether or not prior to your son's death you had any conversation with Mrs. Bessie Record in Potter County, Texas, relative to a certain conversation which she had had with J. C. McWhorter, concerning his having sexual intercourse with this Velma Harrison,' and counsel for the defendant made the same objection to said question as immediately above set out which objection was overruled by the court and the witness replied: 'Well,

you asked me that question before dinner, the same question,' and the court directed the witness to 'just answer that question now' and the witness stated that she did not understand the question, and State's counsel repeated the question to her and the defendant's counsel made the same objection thereto, that it did not follow any predicate, called for hearsay testimony and in no way on earth can be met or looked into, and State's counsel thereupon changed the form of said question as follows: 'Mrs. Record, did you have any conversation with Mrs. Bessie Record last fall in Amarillo here, or in Potter County, in which she made any statement to you as to whether or not the defendant and his wife had told her that he was guilty of this offense he is charged with, to which question counsel for the defendant objected because the same followed no predicate laid, called for hearsay testimony and conversation in the absence of defendant and the court overruled said objection and each thereof, and permitted said Mrs. Polly Record to answer that 'she, Mrs. Bessie Record, told me defendant's wife came to her and asked her to talk to defendant and get him to let this girl (meaning prosecutrix) alone, and said witness was further permitted to answer over the objections: 'I told you that she (Mrs. Bessie Record) told me. She told me that defendant's wife came to her and asked her to talk to defendant and get him to let the girl (meaning prosecutrix) alone and that is all she said,' whereupon the defendant's counsel moved that the court strike out said answer for the same reasons as had been by defendant assigned for his objections thereto, and the court overruled and denied said motion and permitted said question and answer to remain in the record, to all of which proceedings and rulings of the court in permitting said Mrs. Polly Record to testify to what Mrs. Bessie Record had told her defendant's deceased wife had done, the defendant then and there in open court duly excepted and here now tenders this his bill of exception No. 14, and prays that same be approved and made a part of the record herein, which is accordingly done.

Henry S. Bishop,
District Judge, Presiding."

We know of no reason for holding such testimony as that given by Mrs. Polly Record, admissible. The statements attributed by her to Mrs. Bessie Record in no way responded to any predicate laid, nor can we see any ground upon which such testimony was competent. A conversation had by Mrs. Bessie Record with appellant, or with appellant's wife in his presence, as referred to in the attempted predicate,—is a wholly different matter in legal contemplation from a conversation had by Mrs. Bessie Record with appellant's wife, not in his presence or hearing. The legal difference is as wide apart as the poles. Appellant could be bound or attacked, or his witness impeached, by proof of a conversation had with him or with his wife in his hearing, but such conversation if had with his wife out of his presence and hearing, would be purely hearsay and no evidence at all. Mrs. Polly Record

did not state in either answer made by her, as set out in her impeaching testimony in the bill of exceptions above quoted, that her conversation with Mrs. Bessie Record related to or imported to contain any conversation had by Mrs. Bessie Record with appellant or with appellant's wife in his presence. Such testimony was highly prejudicial. It placed before the jury the fact that Mrs. Bessie Record, a sister of appellant and a witness in his behalf, introduced and vouched for by him, had stated to Mrs. Polly Record that appellant's wife, the mother of prosecutrix, a woman who was dead at the time of this trial, had asked Mrs. Bessie Record to intercede with her brother, this appellant, and get him to let prosecutrix alone.

Appellant sought a continuance, but in our opinion there was no error on the part of the learned trial court in refusing same. Diligence was not shown, nor was the absent testimony of such character and materiality as to require the granting of such continuance. The prosecuting witness admitted while on the stand testifying in behalf of the State that she had made statements similar to those attributed to the absent witnesses and apparently desired for the purpose of showing that prosecutrix had made statements contrary to her testimony as given herein.

For the reason above set forth the judgment will be reversed and the cause remanded.

*Reversed and remanded.*