### CARTER ARNETT V. THE STATE.

No. 9303.    Delivered January 27, 1926.

Rehearing denied October 6, 1926.

**1.—Rape—Indictment—Two Counts—General Verdict—Sufficient.**

Where an indictment in two counts charged the offense of rape on a female, under the age of consent, the second count charging rape by force threats and fraud, the trial court properly submitted both counts in his charge to the jury, and the general verdict of the jury was responsive. Following English v. State, 29 Tex. Crim. App. 174, and other cases cited.

**2.—Same—Charge of Court—Not Reversible Error.**

Where the trial court submits both counts of an indictment on a trial for rape, and the jury returns a general verdict, and there is evidence sustaining both counts, objection to the charge that it did not correctly define "force" will not warrant reversal, under the terms of Art. 666 of our present C. C. P., old Art. 743.

ON REHEARING.

**3.—Same—Charge of Court—No Injury Shown.**

Where objection is raised that the court repeated a part of his charge, on a trial for rape, with reference to penetration, nothing is observable in the part of the charge so repeated which was calculated to weaken any defensive theory, or tended to lead the jury to give more weight or credence to any theory of the state, no possible injury to appellant is apparent.

**4.—Same—Evidence—Held Sufficient.**

The charge of the court in this case places an unnecessary burden on the state. The evidence already establishes the act of intercourse was upon a female under the age of consent, and whether it was with, or without, her consent is not material, and appellant's motion for a rehearing will be overruled. Following Dyer v. State, 283 S. W. 820.

Appeal from the District Court of Lubbock County.    Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

*W. H. Bledsoe, Lockhart & Garrard,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from a conviction in the District Court of Lubbock County for rape, with punishment fixed at five years in the penitentiary.

The indictment contained two counts, one charging rape on a female under the age of consent, the other rape by force, threats and fraud. The court submitted both offenses and the jury returned a general verdict of guilty, giving to the accused the lowest penalty for said offense. This court has held in many cases that if there be two counts and both are submitted and a general verdict is returned the judgment will be upheld. English v. State, 29 Tex. Crim. App. 174; Boren v. State, 23 Tex. Crim. App. 28; Southern v. State, 34 Tex. Crim. Rep. 144; Isaacs v. State, 36 Tex. Crim. Rep. 505; Davidson v. State, 86 Tex. Crim. Rep. 243.

There are no bills of exception in the record to the rejection or reception of any evidence. Appellant excepted in rather general terms to various parts of the charge because same did not correctly define "force," was not a correct application of the law to the facts, was confusing in that it submitted both characters of rape in the same paragraph of the court's charge, etc., etc.

Under the evidence in this case the court might well have omitted any reference to rape by force, but inasmuch as there was but one transaction involved, and it appears without contradiction or dispute that prosecutrix was under eighteen years of age, and that in such case carnal knowledge alone would suffice to sustain the charge, we are unable to see any possible injury to appellant growing out of any of the matters complained of in the charge. The girl testified positively to the fact of intercourse, and while the evidence tends to support her claim that she did not consent thereto, the circumstances are such as that the jury may have concluded that same was with her consent. It was also without dispute that as soon as she got home from the trip on which she claimed appellant raped her, she reported the matter to her father and mother, and was

greatly distressed and crying. They sent for a physician who examined her and testified that there was a rupture in her hymen that looked to be a recent one and that there was a small clot of blood. He said that the condition was one which could have been produced by carnal connection with a male person.

If the jury believed there was carnal knowledge of prosecuting witness at all—and this matter was clearly presented in the charge of the court—and they did not accept appellant's denial of any intercourse whatever, they could not have done less than find him guilty and give him the lowest penalty, which they have done. We are forbidden by the express terms of old Art. 743, Art. 666 of 1925 revision of our C. C. P. to reverse cases for matters in the charge unless we believe they have in some way injured the rights of the accused.

Being unable to bring ourselves to so believe in this case, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again complains of the fact that the court repeated a part of his charge. The part referred to was in reference to the fact that penetration must have been established beyond a reasonable doubt before conviction, etc. We find nothing in that part of the charge so repeated which was calculated to weaken in any way a defensive theory, or that tended to lead the jury to give more weight or credence to any theory of the state, and we see no possibility of injury to the appellant by such repetition.

No special charges were asked presenting any theory of the case advanced by the appellant. As far as we can ascertain he had no theory save that he did not do what prosecutrix claimed he had done. The court below told the jury in the charge that if they had a reasonable doubt as to his guilt they should acquit him.

The charge of the court places an unnecessary burden on the state in that after telling the jury to convict if they believed beyond a reasonable doubt that he had carnal knowledge of the prosecutrix, the court further told them, in substance, that they could only convict if they believed beyond a reasonable doubt that prosecutrix was a woman and that the assault was by force and without the consent of said prosecutrix. As stated in our original opinion, there was no dispute of the fact that the girl was under the age of consent. These matters are touched on in

the opinion in Dyer v. State, 283 S. W. 820.   We see no ground for complaint on the part of appellant.   Those are the matters set up in appellant's motion for rehearing, and being unable to agree with any of them, said motion will be overruled.

*Overruled.*