## Paddy Wilcoxson v. The State.

No. 10315.   Delivered November 24, 1926.

Rehearing withdrawn January 12, 1927.

### 1.—Rape—Change of Venue—Exceptions To—When Taken.

Where a change of venue was made from Knox County to Baylor County, to which appellant excepted, after the transfer of the case, his exception cannot be considered.   Art. 568, Vernon's P. C. 1925, provides that the order changing the venue shall not be revised on appeal, unless the exception is prepared, proved and filed at the term of the court at which said order is made.   .

### 2.—Same—Continuance—Lack of Diligence—Properly Refused.

Where appellant was indicted and arrested on the 19th day of September, 1925, and an order for a change of venue to Baylor County was entered on the 23rd day of September, 1925, and that on the call of his case for trial thereafter on January 19, 1926, he moved for a continuance on account of the absence of a witness for whom process was not issued until January 4, 1926, this was not sufficient diligence to entitle him to the continuance.

### 3.—Same—Evidence—Prosecutrix Reputation for Chastity—Not Admissible.

Where, on a trial for rape, under the age of consent, the proof establishes the age of prosecutrix as between 15 and 18 years of age at the time of the alleged offense, under Art. 1183, Vernon's P. C. 1925, it would not be proper to show that she was of unchaste character by proof of her general reputation.   Such testimony would have to be confined to specific acts.   Following Norman v. State, 89 Tex. Crim. Rep. 330, and other cases cited.   .

### 4.—Same—Charge of Court—Held Sufficient.

Where, on a trial for rape, the court charged the jury in effect that rape was the carnal knowledge of a female under the age of 18 years, with or without her consent, and that they must believe beyond a reasonable doubt that the appellant had carnal knowledge of the prosecutrix, and that she was under the age of 18 years, before they could convict him, such charge was a correct presentation of the law, and was sufficient.

### 5.—Same—Requested Charge—Properly Refused.

Where, on a trial for rape, prosecutrix testified that appellant had intercourse with her, and the appellant denied such intercourse or any attempt to have intercourse with her, there was no error in refusing appellant's requested charge defining penetration.   There could be no intercourse without penetration, and in our opinion the evidence did not call for such a charge.

### 6.—Same—Requested Charge—Properly Refused.

Where there was no evidence introduced assailing the chastity of prosecutrix, the court properly refused appellant's requested charge, that if the jury should find that prosecutrix was over 15 years of age and under 18 years of age at the time of the act, and that she was not of previous chaste character, to acquit the defendant.   ˙

**7.—Same—Motion Withdrawn.**

On motion of appellant duly verified by his affidavit, requesting that his motion for a rehearing be dismissed, his request is granted, and mandate ordered to issue on the original judgment of affirmance.

Appeal from Baylor County on a change of venue from Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction of rape under the age of consent; penalty, five years in the penitentiary.

The opinion states the case.

*Floyd Harvy,* for appellant. In support of his application for a continuance, appellant cites:

Cox v. State, 5 Tex. Crim. App. 118.
Dawson v. State, 25 S. W. 21.
Cosinova v. State, 12 Tex. Crim. App. 554.
McCline v. State, 7 S. W. 667.
Donohue v. State, 11 S. W. 677.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Baylor County for the offense of rape, and his punishment assessed at five years in the penitentiary.

The appellant was indicted in the District Court of Knox County on the 21st day of September, 1925, and the court thereafter, on his own motion, changed the venue of this case to Baylor County. The indictment charges that "on or about the 30th day of August, 1925, * * * Paddy Wilcoxson did then and there unlawfully have carnal knowledge of Odessa Thomas, a female who was then and there under the age of 18 years and who was not then and there the wife of the said Paddy Wilcoxson." It was the contention of the state, and evidence was introduced in support thereof, that the prosecutrix and appellant, together with Myrtle Lanningham and Pete Williams, went for an automobile ride on the night of August. 20, 1925; that the appellant took prosecutrix out of said car and up the road a short distance from where the other two occupants were, laid her down in the road, and had intercourse with her; and that at said time she was under the age of 15 years. The prosecutrix and her mother testified that she, prosecutrix, was 15 years old

on the 6th day of the following November, 1925, after the commission of the alleged offense. The prosecutrix testified for the state that the appellant laid her down across the road and had intercourse with her, while she was telling him that he was ruining her and asking him to stop, which he refused to do until he had accomplished the act; that they then returned to the automobile and joined the other parties and continued the ride; and that she never told anybody that the appellant had intercourse with her until about three or four weeks thereafter on account of being ashamed of it. The appellant took the stand and testified in his own behalf to the effect that he did not have any intercourse with the prosecutrix, or attempt to have intercourse with her, at the time alleged in the indictment or at any other time. The appellant also defended upon the ground that the prosecutrix was over 18 years of age, and introduced evidence in support thereof.

The appellant brings forward for review 41 bills of exception. In bill No. 1 complaint is made to the action of the court in changing the venue, on his own motion, from Knox to Baylor County. The record discloses that this bill of exception was not taken at the time the court made the order changing the venue in Knox County, but was taken and filed in the District Court of Baylor County just before appellant announced ready on the merits. Art. 568, Vernon's 1925 C. C. P., explicitly states that the order granting or refusing a change of venue shall not be revised upon appeal unless the bill of exception is prepared, proved and filed at the term of court at which said order is made. The article, supra, and the authorities cited thereunder prohibit this court from considering said bill.

In bill of exception No. 2 the appellant complains of the refusal of the court to grant him a continuance for want of the testimony of the witness, Myrtle Lanningham, and that of her father and mother. The motion for continuance shows that the appellant was arrested on the 19th of September, 1925, placed in jail and remained there until the 10th of October, 1925, at which time he made bond and was released. The record discloses that the transcript on change of venue was filed in the District Court of Baylor County on the 23rd day of September, 1925, and that in making the order changing the venue the court ordered the appellant to be immediately transferred from the jail in Knox County to the jail in Baylor County; that there was no effort made to issue process for said witness until January 4, 1926; that the trial took place on January 19, 1926, and the motion for new trial was over-

ruled on January 29, 1926; and that up to the time of over-ruling the motion for new trial there was nothing to show that the appellant had ever located said witnesses, and no reasonable showing that he would be able to locate said witness or have the testimony at any future term of the court. After a careful examination of this bill, we are of the opinion that the appellant has failed to show such diligence as is required by law to entitle him to a continuance.

In several bills of exception the appellant complains of the refusal of the court to permit him, in cross-examining the prosecutrix, to have her repeat her testimony as to what took place during the trip in the automobile, and especially with reference to what she said and did relative to the act of intercourse in question. These bills, as presented, show no error.

Bill of exception 18 complains of the refusal of the court to permit the appellant to show that Dr. Westbrook, who waited upon the prosecutrix's mother at the time of prosecutrix's birth, had not been paid for his services. There is no merit in this contention.

Bills 22, 23, 24, 25, 26 and 27 complain of the action of the court in permitting the state, on cross-examination of the appellant's witness, Pete Williams, to show that he had been convicted of assault with intent to rape within six and one-half years prior to the instant trial. These bills, as presented and qualified by the court, show no error.

Bill 34 complains of the refusal of the court to permit the appellant to prove that the general reputation of the prosecutrix for chastity was bad. There was no error in the refusal of the court to admit this testimony. Had the evidence shown that the prosecutrix was between 15 and 18 years of age at the time of the alleged offense, then under Art. 1183, Vernon's 1925 P. C., it would have been improper to show that she was of unchaste character by proof of general reputation. Such testimony would have to be confined to specific acts. Norman v. State, 89 Tex. Crim. Rep. 330, 230 S. W. 991; McWhorter v. State, 93 Tex. Crim. Rep. 385, 247 S. W. 1089.

The appellant complains of the refusal of the court to give his special charge to the effect that the jury must believe beyond a reasonable doubt that the appellant's male organ penetrated the female organ of the prosecutrix, and that at said time she was under the age of 18 years, and unless they so believed, to acquit him. There was no error in refusing this charge. The court, in his general charge, charged the jury that rape was the carnal knowledge of a female under the age of 18 years,

with or without her consent, and if the jury found from the evidence, or had a reasonable doubt, that at the time of the alleged offense the prosecutrix was 18 years of age or more, to acquit the appellant. The court also charged the jury that they must believe beyond a reasonable doubt that the appellant had carnal knowledge of the prosecutrix, a female under the age of 18 years, before they could convict him.

The appellant complains of the refusal of the court to give to the jury his special charge No. 4, defining penetration, and contends that the failure of the court to give said charge was reversible error, and that the evidence of the state failed to show penetration. There is no merit in this contention. The prosecutrix testified that the appellant had intercourse with her, and the appellant denied such intercourse and any attempt to have intercourse with her, and in our opinion the evidence did not call for such a charge. There could be no intercourse without penetration. The court, in his general charge, defined rape and instructed the jury that unless they believed beyond a reasonable doubt that the appellant had unlawful carnal intercourse with the prosecutrix, and that she was under the age of 18, to acquit him. We think this was sufficient, under the facts of this case.

The appellant complains of the refusal of the court to give his special charge No. 3 to the effect that if the prosecutrix was over 15 years of age and under 18 years of age at the time of the alleged offense, and if she was not of previous chaste character at the time of said act of intercourse, to acquit the appellant. The court qualifies this bill by stating that in his opinion this issue was not raised by the testimony. We are of the opinion, after a careful examination of the record, that there was no evidence raising such issue.

We have carefully examined all of appellant's bills of exception and the entire record, and fail to find any reversible error therein. We are therefore of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON REHEARING.

BAKER, JUDGE.—The appellant having filed in 'writing, duly verified by his affidavit, a request that his motion for rehearing heretofore filed be dismissed, it is ordered that the request be granted and that the motion for rehearing be dismissed, and that the mandate of this court be at once issued upon the original judgment affirming the conviction herein.

*Motion withdrawn.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.