## WILBUR MYERS V. THE STATE.

No. 9818.   Delivered December 15, 1926.

1.— Rape  by  Force — Evidence — Complaint  of  Prosecutrix — Properly
   Admitted.

Where, on a trial for rape by force, there was no error in permitting a witness to whose home prosecutrix went, shortly after the assault, to testify that prosecutrix came to her room and "told me these things," and that there was blood on her clothing, and that she called a physician for her, that night.

2.—Same—Continued.

It is well settled in cases of this character that the state may show as original evidence that recent complaint of the outrage was made (but the particulars of the complaint or the details of the alleged crime are not to be recited), and may also prove, as original evidence, the state of prosecu-. trix, her appearance, marks of violence, and condition of her clothing.   See Pefferling v. State, 40 Texas, 492; Lawson v. State, 17 Tex. Crim. App. 303; Johnson v. State, 21 Tex. Crim. App. 379, and other authorities collated in Sec. 1784 of Branch's Ann. P. C.

3.—Same—Evidence—Of Physical Examination—Harmless, If Error.

Where, on a trial for rape by force, a physician was permitted to testify that he made an examination of prosecutrix the night of the alleged assault, and testified as to the bruises found by him, and the condition of her private parts, and from this examination, in his opinion, that it was the first act of sexual intercourse by prosecutrix.   We are of opinion that under the facts in this case this evidence was admissible, if not no prejudicial error in receiving it is shown.

4.—Same—Cross-Examination of Defendant—No Error Presented.

Where, on cross-examination of appellant, he having denied that he used force in having intercourse with prosecutrix, the district attorney asked him if he had not made a statement, to which question objection was sustained, no injury appears, it not being made to appear that the statement inquired about was made while under arrest.

5.—Same—Evidence—Properly Admitted.

A witness, Jennings, testified that on the night of the alleged assault he a passed a car on an outer road, and as he did so a woman thrust her arm out of the car door, and called for help, but·that being unarmed he was afraid to stop.   He described the car as being similar to the one in which the assault upon prosecutrix occurred, and the dress of prosecutrix, corroborating the testimony of prosecutrix as to the same facts; and such testimony was properly admitted.

6.—Same — Argument of Counsel — Eliminated by Court's Charge — No
    Reversible Error Shown.

Where appellant objected to the argument of counsel for the state,
and his objection was sustained, and the jury instructed to disregard the
statements made, no reversible error is made to appear by appellant's bill
of exception presenting the matter.

Appeal from the Criminal District Court No. 2 of Dallas
County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction of rape by force, penalty five years
in the penitentiary.

The opinion states the case.

*J. Hardy Neel* and *Grover Adams* of Dallas, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*,
Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for rape by force, punish-
ment being five years in the penitentiary.

About a week before the alleged offense prosecutrix was intro-
duced to appellant by a young lady friend upon which occasion
they both went riding with him in his automobile, a coupe. On
the night of the alleged offense he had an engagement with both
of them again, but the other young lady was out of the city.
Prosecutrix went with him alone and claims the offense to have
been committed in the car while on the trip. She says he made
two efforts to accomplish his purpose before succeeding at the
third attempt, and that after each unsuccessful attempt he
would drive to another unfrequented road; that while he was
engaged in the second effort a car passed them, that she
screamed and called for help. In this she was corroborated by
the witness Jennings, who with his wife in their car, passed the
one occupied by appellant and prosecutrix. The witness says
prosecutrix put her head and shoulders out of the car and
screamed several times, saying, "Stop and help me." Witness
was unarmed and his wife nervous and he did not stop. Prose-
cutrix says after these parties passed them appellant told her
if the man had stopped he (appellant) would have killed both
the man and prosecutrix. After this interruption appellant left
the place where it occurred and drove to another unfrequented
road. Prosecutrix claims the coupe door on the side away from
the steering wheel was wired so it could not be opened. It is
not denied but that the door was wired. Appellant claimed it
was because of a broken latch, and that the wire could readily

be unhooked and the door opened. It may be stated here that appellant denied making any threats and claimed the act of intercourse to have been with her consent. Appellant says she made no resistance when he unfastened her clothing, but says she "hollowed some but didn't cry." He also denied that she called for help when Jennings' car passed them. Prosecutrix testified that she had bruises on her shoulders, legs and back, and was corroborated in this regard by a physician and other witnesses.

Prosecutrix testified that when appellant brought her back to her boarding house none of the inmates were up; that she went to her room, changed her clothing and went to a friend of hers, Mrs. Herring, who lived some two blocks away, and told her what had happened. Mrs. Herring testified:

"She (prosecutrix) came to my house about eleven-thirty that night and she seemed to be hysterical; she ·hit the porch calling me and she came on in the room, and I met her just as she got to the door and when she got to me, she began crying and went almost in hysterics *and told me these things.* I took her up to the bathroom and gave her a douche as best I could, I let her do it for herself. There was blood on her clothing. I have them out there if you want them. I called a physician for her that night."

By bills of exception numbers one and two appellant complains at the reception of this evidence for the reason stated that it was not "res gestae." It may be said here that the bill does not certify as a fact that it was not res gestae, but only shows that such objection was urged. It might be a debatable question under the facts whether it was res gestae, but that is immaterial. We think the rule not transcended that the state may show as original evidence that recent complaint of the outrage was made, — (but the particulars of the complaint or the details of the alleged crime are not to be recited,)— and may also prove as original evidence the state of prosecutrix, her appearance, marks of violence and condition of her clothing, shortly after the alleged occurrence. Pefferling v. State, 40 Tex. 492; Lawson v. State, 17 Tex. Crim. App. 303; Johnson v. State, 21 Tex. Crim. App. 379, 17 S. W. 252.   (Many other authorities will be found collated in Sec. 1784 of Branch's Ann. Tex. P. C.). We do not agree with appellant's contention that the use by the witness of the words "and told me these things," was equivalent to saying that appellant told witness what had been related by prosecutrix on the witness stand. Without objection prosecutrix had

testified that she told Mrs. Herring "what had happened," but neither she nor Mrs. Herring were permitted to relate the details of the disclosures. The fact that witness said she gave prosecutrix a "douche," and had her clothing "out there," if counsel wanted to see them, are not of sufficient moment to present any serious question.

After prosecutrix went to Mrs. Herring's and reported the outrage the latter called Dr. Means, who made an examination of prosecutrix and testified as to the bruises found and the condition of her private parts. He testified that from his experience as a physician he could usually tell from an examination whether an act of intercourse was the first a woman had experienced, and from the fact that he found the hymen ruptured and still bleeding when he examined prosecutrix it was his opinion it was her first act. Objection was urged that this evidence threw no light on the question for solution, that is, whether the act was accomplished by force or by consent, and was prejudicial in that it tended to inflame the mind of the jury. We are inclined to think the evidence admissible under the facts; if not, no prejudicial error in receiving it is shown.

Bill of exception number five recites that upon cross-examination of appellant he had denied using force to effect the act of intercourse with prosecutrix and that in this connection the district attorney asked the following question: "Now, as a matter of fact, Mr. Myers, when you were asked about this by the district attorney * * * *" at which point in the question he was interrupted by an objection that any statement made by appellant was while under arrest. This objection was sustained. The district attorney then asked appellant if he did not make a statement to which an objection was also sustained. Appellant insists that the questions themselves were injurious because they necessarily left the impression upon the jury that he had made a statement in which he admitted using force. We cannot agree that such necessary implication followed. It might be also said that the bill is defective in not certifying as a fact that appellant was under arrest. This appears only as the ground of objection.

Complaint is made in bill number six at the evidence of the witness Jennings as to passing the car in which were appellant and prosecutrix, and as to what he saw and heard there, the objection being that witness could not identify the parties in the car. While prosecutrix did not know the witness Jennings and could not identify him by his face, and the witness likewise did not know appellant or prosecutrix, yet the description of the

cars, the dress of prosecutrix, and the details of the occurrence related by the witness, leaves no doubt as to the identity of the parties, and to our mind relieves the case of any question as to the propriety of admitting his testimony.

Complaint is urged at the refusal of two requested charges. We think no error is shown in their refusal. The court gave a full, fair and complete charge presenting appellant's side of the case, and gave six special charges which were certainly as favorable to appellant as he could demand, and covered the principles contained in the rejected instructions.

Complaint is made of the argument of the assistant district attorney in several particulars. The most objectionable argument was withdrawn from the jury, the court sustaining appellant's exception thereto, and immediately telling the jury not to consider it. The other matters complained of in the argument we think of not sufficient moment to be regarded seriously.

Bills of exception presenting other questions have been examined but they present no error, and we think it unnecessary to discuss them.

Finding no error which in our opinion justifies a reversal, the judgment is affirmed.

*Affirmed.*