VIRGIL ROGERS v. THE STATE.

No. 16000. Delivered May 31, 1933.
Rehearing Denied October 11, 1933.
Reported in 63 S. W. (2d) 384.

The opinion states the case.

*M. L. Bennett,* of Normangee, and *P. O. French* and *Williford & Williford,* all of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, five years in the penitentiary.

Three men induced two young girls, strangers apparently, to take a ride with them in the nighttime. The girls were sixteen years of age. Appellant had been married, appears to be a man

something over thirty, and used his car. The car was stopped out in the edge of town or in the country. The other girl left the car with one of the men, who came back presently and reported that she had gotten away from him. According to prosecutrix in this case, both men who remained at the car had forceable carnal knowledge of her over her resistance and protest, appellant first, and then the other. She said it was her first experience, and that she resisted all she could. She reported the matter that night, and was examined the next day by a doctor who testified to her bruised and lacerated private parts, and said she had been recently penetrated, and gave it as his belief from his examination that this was the first thing of the kind to have taken place with her.

Appellant swore that neither he nor the other men who remained at the car had or attempted to have intercourse with prosecutrix. He attempted by cross-examination of prosecutrix and other testimony to circumstantially raise the issue as to her previous unchaste character. On the subject the trial court in his charge gave to the jury the following:

"You are instructed that the lack of chastity of a female may be proved by circumstances, acts and conduct, and in this case you will consider all the acts and conduct of the prosecuting witness, Noney May Hudgpeth, and all the circumstances in connection therewith, in evidence in this case, in passing upon such matter.

"I charge you that the lack of chastity of a female upon whom the offense of rape is alleged to have been committed, when such female is over the age of fifteen (15) years and under the age of eighteen (18) years is under the law an absolute defense to such charge when the intercourse is with her consent, and you are instructed to consider all the facts and circumstances in evidence before you as to the chastity of Noney May Hudgpeth, and if you should believe from the evidence that she was at such time unchaste and that the intercourse was with her consent, or if you should have a reasonable doubt thereof, you will acquit the defendant.

"You are instructed further that unless you believe, beyond a reasonable doubt, that the defendant assaulted the said Noney May Hudgpeth, and unless you believe, beyond a reasonable doubt, that at such time the said Noney May Hudgpeth was chaste, and unless you believe beyond a reasonable doubt, that the defendant had carnal knowledge of the said Noney May Hudgpeth, you will acquit the defendant."

We think this a clear and positive presentation of this de-

fensive issue, and that it gave to appellant more than he was entitled to, (see Simpson v. State, 93 Texas Crim. Rep., 303), and that it rendered wholly unnecessary the first and second special charges asked and refused herein.

The indictment herein charged that "appellant did then and there * * * upon * * * a female under the age of eighteen years, make an assault, and did then and there ravish and have carnal knowledge of the said * * * she not being the wife of the said Rogers," etc. The court submitted the case to the jury both on the theory of rape by force, and that of statutory rape on a female under the age of eighteen years, not the wife of the accused. In submitting the issue of rape by force we think the trial judge again gave to appellant more than he was entitled to, in view of what we said in Dyer v. State, 283 S. W., 820. We see no error in the refusal of special charge No. 3 relative to the issue of rape by force.

We find thirteen bills of exception in the record, all filed March 23, 1933. We cannot consider them. According to the record before us appellant's motion for new trial was over-ruled January 1, 1933, at which time notice of appeal was given, and an order entered allowing fifty days for filing statement of facts and bills of exception. This time allowance ended February 20, 1933. If it was intended by the order to grant appellant fifty days from the adjournment of court, which adjourned January 27, 1933, said time allowed in which to file bills of exception expired March 18th. We find no order extending said time, in the record.

Fnding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Bills of exception were not considered on original submission because of an error in the transcript as to the date of the order overruling motion for new trial and notice of appeal and the omission from said transcript of an order extending the time in which bills might be filed. The defects have been corrected by supplemental transcript and the bills will now be considered.

Bills numbers one, two, three, and four complain because the state was permitted to prove by the witness Christopher that about three o'clock on the night of the alleged offense, when prosecutrix came to witness' home she was excited, crying, and said she had been mistreated. The bill recites that after the commission of the alleged offense and before Christo-

pher saw prosecutrix she had been in company of other persons and had talked to them. The objection urged to Christopher's testimony was that the matters related by him did not occur in appellant's presence, and were not res gestae. The most that can be made out of the evidence objected to is that it was a general complaint of mistreatment, giving no details and naming no one, and that prosecutrix's manner and appearance at the time reflected her state of mind. We discover no violation of the rules of evidence in receiving the testimony. See Sentell v. State, 30 S. W., 226; Duckett v. State, 150 S. W., 1177; Myers v. State, 105 Texas Crim. Rep., 426, 289 S. W., 49. Many other authorities will be found cited under section 1784, Branch's Ann. Tex. P. C.

Bills numbers five and six complain of certain evidence which was admitted over objections from Dr. Headley. He testified without objection that on the next day after the alleged rape he, at the request of prosecutrix's father, examined her and found her "* * * private parts bruised and congested, the hymen had been ruptured, looked like recently, the edges were raw and sore, and the posterior portion of the vagina had an abrasion, or little laceration, and blood oozing from there at the time, and the vulva bruised and the ———— to some extent looked like blue and bruised." The bills show that in response to questions from the state the doctor testified that from examination of a female he could tell whether she had *recently* had intercourse if she was a girl who had not theretofore had intercourse with any one, then over objection testified that from the condition in which he found prosecutrix it was his opinion she had recently had intercourse with some one, and that it was her first act of the kind. Reference to the statement of facts shows that on cross-examination of the witness he again expressed the *opinion* that the condition he found was produced by an act of intercourse, but that he did not *know* whether prosecutrix ever had intercourse with a man. Such testimony was then followed on cross-examination by the following question and answer:

"Q. Then your evidence is that this condition which you found was caused by the application of some violence, or by some form of entrance into the vagina by some instrument— What that was made by, or when, or how, you don't know?

"A. Well, I think it was recently made, within twenty-four or forty-eight hours, I judge. Yes, sir, that inference is on the condition of the parts that I examined."

We think no error occurred in admitting the evidence com-

plained of. See Myers v. State, 105 Texas Crim. Rep., 426, 289 S. W., 49. The case of Breiger v. State, 99 Texas Crim. Rep., 292, 269 S. W., 100, cited by appellant to sustain his objection, is not thought to support his position. There the doctor was permitted to express his opinion based upon a hypothetical question, without a personal examination of the injured female, and went much further than in the present case.

By bills seven and eight appellant brings forward complaint as follows: When he offered to prove that the general reputation of prosecutrix for virtue and chastity was bad the evidence was rejected. According to the uncontroverted proof prosecutrix was under eighteen years of age, but over fifteen at the time of the alleged offense. By appellant's own testimony there was a complete denial of any improper relations with prosecutrix, but by other evidence the issue as to her previous chastity was sufficiently raised to require its submission under that provision of article 1183, P. C., which makes previous unchastity a complete defense to a charge of rape if the female is over fifteen years of age, and consented to the act. It has been held that the status of unchastity under such circumstances may be proven by circumstances, but not by general reputation. Norman v. State, 89 Texas Crim. Rep., 330, 230 S. W., 991; Hennington v. State, 101 Texas Crim. Rep., 12, 274 S. W., 599; McWhorter v. State, 93 Texas Crim. Rep., 385, 247 S. W., 1089; Cloninger v. State, 101 Texas Crim. Rep., 1, 274 S. W., 596.

It is not necessary to discuss bills ten, eleven, and twelve. They complain of the refusal of certain special charges. The original opinion took cognizance of the questions raised by the special charges, and we think properly disposed of them.

Bill number thirteen brings forward complaint that the indictment charged more than one offense. The contention seems contrary to our holding in Dyer v. State, 283 S. W., 820.

Having considered all the bills of exception and finding nothing therein which demands a conclusion different from the original judgment of affirmance, the motion for rehearing is overruled.

*Overruled.*