Roy BESHEARS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42873.

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Second Rehearing Denied Dec. 9, 1970.

L. J. Krueger, Zbranek & Friend by J. C. Zbranek, Liberty, for appellant.

W. G. Woods, Jr., Dist. Atty., Liberty, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

The prior opinion is withdrawn and the following is submitted therefor.

The offense is rape; the punishment, five (5) years.

Appellant's first ground of error is that the court refused counsel the right to inspect an offense report made by the investigating officer Perkins. We need not pass upon the court's earlier ruling, because at the conclusion of the evidence, the offense report was furnished appellant's counsel, and he did not see fit to pursue the matter further. The oral motion for a continuance, made at this juncture, did not mention the offense report or any desire to recall any witness and cross-examine him from such report.

His second ground of error is that the court refused to grant his motion to quash the indictment, because appellant had not been given an examining trial prior to the return of the indictment against him.

A few days after the charges were filed against appellant he, through his attorney of record, made a written demand to the District Attorney for an examining trial. This request was made before any indictment was returned against him in this cause. An examining trial was set for May 11, 1967. On that date appellant and his attorney were present and ready to participate in the examining trial. However, the District Attorney was in trial in another county and the examining trial was not held. Thereafter the matter was presented to the Grand Jury of Liberty County, Texas, and the indictment in the cause returned.

■ This Court has consistently held that the return of an indictment terminates the right to an examining trial, Art. 16.01, Vernon's Ann.C.C.P., Gooden v. State, Tex. Cr.App., 425 S.W.2d 645, Klechka v. State, Tex.Cr.App., 429 S.W.2d 900, Murphy v. State, Tex.Cr.App., 424 S.W.2d 231, and Harris v. State, Tex.Cr.App., 457 S.W.2d 903.

His third ground of error relates to the charge. The indictment charged statutory rape. In his charge, the court submitted statutory rape, and over objection, he further submitted the following:

> Therefore, if you find from the evidence, or if you find a reasonable doubt thereof, that at the time of the alleged offense the said Catherine Plander was not a chaste woman, then you will find the defendant not guilty. However, you are further instructed, and if you find beyond a reasonable doubt from the evidence that the consent of Catherine Plander was obtained solely by the use of threats such as might reasonably create a just fear of death or great bodily harm to [her companion] in view of the relative condition of the parties as to health, strength and other circumstances of the case, and you further find beyond a reasonable doubt from the evidence that the said Catherine Plander submitted to the defendant as a result of said threats, and but for said threats would not have submitted to the said defendant, then you will find the defendant guilty of rape.

Under the last phrase of Art. 1183, V.A. P.C., the only defense is former unchastity. The prosecutrix was sixteen years old, and the evidence does not raise the issue of unchastity. Graves v. State, 161 Tex. Cr.R. 16, 274 S.W.2d 555, is obviously distinguishable because in that case prosecutrix was admittedly unchaste. There, the State conceded error because the use of threats was submitted in a separate count as the means by which the rape was effected. In the present case, that portion of the charge which mentioned threats submitted the question of threats as the means by which consent was secured, not as the means by which the rape was effected.

■ Unchastity is no defense when there is no consent. Consent secured by means of threats is not "consent" under Art. 1183, supra. There is no error in the court's charge, as threats were submitted as part of the consent issue. See Arnett v.

State, 105 Tex.Cr.R. 132, 286 S.W. 989, 990 and Dyer v. State, Tex.Cr.App., 283 S.W. 820, 824.

We are not impressed with appellant's contention that reversible error is reflected by that portion of the charge in which the court used the phrase "relative condition of the parties" without further telling the jury which parties he meant. It is clear from the record that the prosecutrix placed herself in a compromising position which facilitated the rape only because of threats to take the life of her companion.

■ His next grounds of error, not supported by authority, are that the court erred in that portion of his charge in which he said:

The burden of proof in all criminal cases rests upon the state throughout the trial and never shifts to the defendant.

The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him and say by your verdict, "Not guilty".

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given to their testimony, but the law you are bound to receive from the court which is herein given you and be governed thereby. The jury may believe a witness though he be contradicted and may accept a part of his or her testimony and disregard the remainder.

The last sentence should not have been given; we hold that since it was undisputed that the prosecutrix was chaste and sixteen years old, and appellant admitted that he had intercourse with her, reversible error is not reflected. See also Art. 36.19 V. A.C.C.P.

In Collins v. State, 39 Tex.Cr.R. 441, 46 S.W. 933, this Court said:

Appellant objected to the following charge of the court: "The law makes you the exclusive judges of the evidence proved, of the weight of the testimony, and of the credibility of the witnesses. In other words, what witnesses you will believe, and how much of their testimony you will believe, is left by the law entirely in your minds and consciences." It is urged by appellant that this charge is upon the weight of the testimony, in that it tells the jury that they can arbitrarily regard or disregard the testimony of any witness or witnesses. It has been frequently held by this court that the trial judge should content himself with charging upon such matters as these in the language of the statute, and not endeavour to add thereto. It can rarely be of any benefit to try to explain a matter which is already plain, and frequently leads to confusion. But that portion of the above charge which is added to the statute on the subject, while it is new and original, does not appear to us to be subject to the criticism of counsel. It furnished no rule or standard by which the jury were to weigh or measure the testimony, nor did it authorize the jury to act arbitrarily in passing on the credit of the witness nor erect for them a false standard by which to be governed. The additional charge was unnecessary but it was not error.

See also Navar v. State, Tex.Civ.App. 344 S.W.2d 188; Hudson v. State, Tex. Cr.App., 418 S.W.2d 813, and Wright v. State, Tex.Cr.App., 437 S.W.2d 566.

■ His next ground of error relates to a portion of the State's argument and the court's comment, which were as follows:

STATE'S ATTORNEY: She was the ultimate target for everybody out there that wanted to have intercourse with her. Pardon the expression, like a bunch of dogs just waiting, one jumping up in the window looking, that is Leonard. And everyone of them just following her around, just moving. And then

the next one would get around and work with her. And just a little child.

DEFENSE COUNSEL: Your Honor, I object to the State's characterization of the Defendant as a dog. I move that the jury be instructed to disregard it.

THE COURT: Reasonable deduction. The jury will follow the evidence. He has a right to make reasonable deductions.

DEFENSE COUNSEL: I object, Your Honor, and move for a mistrial.

THE COURT: Overruled.

Reliance is had upon Ward v. State, 156 Tex.Cr.R. 472, 243 S.W.2d 695. The rule in Ward was modified by this Court in Huckert v. State, 159 Tex.Cr.R. 368, 264 S.W.2d 121, wherein we held that the statement, "I will overrule the objection on the basis that it was a logical conclusion from the evidence" did not constitute a comment on the weight of the evidence. This Court said, "Unless there may be found in the remarks of the court a benefit to the State or an injury to the defendant which would not have been present had the court simply overruled the objection, we would not, under the rule stated, be authorized to reverse because such remarks were made in violation of Art. 707, V.A.C.C.P." We have concluded that Huckert, supra, here controls and overrule appellant's ground of error number eight.

In appellant's ninth ground of error, he attempts to complain about four separate and disconnected statements made by the prosecutor during the course of the trial and different portions of the argument. This ground of error does not meet the requirements of Art. 49.09, Sec. 9, V.A.C.C.P.

■ His tenth ground of error is that the court erred in failing to grant his motion for instructed verdict because of insufficiency of the evidence. The evidence is undisputed that prosecutrix was sixteen (16) years old and was chaste when appellant had intercourse with her, thus a case of statutory rape was made.

■ His eleventh ground relates to the exclusion of certain evidence relating to the reputation of prosecutrix. He admits that the rule announced in Rogers v. State, 124 Tex.Cr.R. 430, 63 S.W.2d 384, is against him, but asks that we overrule Rogers, supra. Rogers is authority for the rule that the status of unchastity may be proven by circumstances, but not by general reputation. We reaffirm such a rule.

We overrule without discussion his thirteenth ground that the court erred in sustaining a State's objection to a conclusion of the Officer Perkins that prosecutrix was trying to protect a certain witness.

■ His fourteenth ground relates to the failure of the court to grant his motion to strike all the testimony of the prosecutrix relative to threats made toward the life of one Gerald Enloe. The State contends that such evidence was res gestae of the rape, and we agree.

■ Appellant's fifteenth ground is that the court erred in denying appellant's motion to take the depositions of eight named witnesses. The hearing on the motion to take the depositions was held ten days prior to the beginning of the trial. The reason set forth in the application was that "he has been unable to determine who will be witnesses against him, the nature of their testimony and any other matters that they might testify to which might enable him to broaden his field of investigation in his defense." During the course of the hearing on the motion to take the depositions the court made available to appellant's counsel the hospital records which he desired, and ordered the deposition of Officer Perkins to be taken. The same appears in the record. We have concluded that the appellant has failed to show that he was injured by the inability to take the depositions of the remaining witnesses. He has failed to show that he was surprised by any testimony from any witness.

For this Court to hold that a trial court has abused his discretion in declining to permit depositions to be taken under Art. 39.02, V.A.C.C.P., an appellant must be able to show on appeal that he was injured by such action of the court. This he has not done in the case at bar.

His last point of error is overruled.

Appellant's motion for rehearing is overruled and the judgment is affirmed.

BELCHER, Judge (dissenting).

I respectfully dissent to the majority opinion which affirms this conviction.

In considering the appellant's sixth ground of error the majority opinion states, " * * * we hold that since it was undisputed that the prosecutrix was chaste and sixteen years old, and appellant admitted that he had intercourse with her, reversible error is not reflected."

The appellant testified as follows: While he was at Leonard Thornton's house drinking beer, Gerald Enloe took the prosecutrix to a bedroom for around five minutes; then after a while, he again took her to the bedroom for 20 minutes. After that time, Gerald came out, and, "He just winked at us, and he said, 'I got some of that. If y'all want to try, you can if she doesn't mind.' " [1] After a while, the appellant took the prosecutrix to a bedroom where he had intercourse with her.

The prosecutrix testified in part as follows: After the appellant had threatened to injure her date, Gerald Enloe, she had agreed to allow the appellant to do some "heavy petting." The appellant after promising "We won't go all the way," removed her under pants, climbed on top of her and before she could do anything about it had intercourse with her during which time she was screaming.

The trial court in its charge submitted the issue of the prosecutrix's prior chastity to the jury.

The indictment in alleging the offense used the word "ravish."

The testimony of the prosecutrix shows that the act of intercourse by the appellant with her was accomplished by threats.

The trial court recognized and gave effect to her testimony by submitting the issue of threats in his main charge to the jury. Most v. State, Tex.Cr.App., 386 S. W.2d 537.

The verdict of the jury was a general finding of guilt as it did not specify the manner by which the act of intercourse was accomplished.

It is evident from the indictment which used the word "ravish" in alleging the offense, the testimony of the victim, the court's charge, and the general verdict of the jury that the state relied upon and the jury could have found that threats were used to accomplish the act of intercourse as testified by the prosecutrix and this conviction rests thereon.

It was undisputed that the testimony of the prosecutrix contained material contradictions and discrepancies and was in direct conflict with the testimony of the appellant and other witnesses.

The trial court's instruction of which the appellant complains is as follows:

"The jury may believe a witness though he be contradicted and may accept a part of his or her testimony and disregard the remainder."

To which instruction the appellant properly and timely reserved his exception.

1. The testimony as to the statements of Gerald Enloe, admitted without objection, were admissible in that they were res gestae.

This instruction has never been heretofore expressly approved by this Court. When used during jury argument as shown by the record in this case,[2] this instruction placed a lethal weapon in the hands of the prosecutor when he had the support of the trial judge in the court's charge which the jury had with them while deliberating. It conveys the idea that the jury has the power to select and consider only such evidence as they see proper, when the law makes it their duty to consider all the evidence admitted before them. The instruction complained of is in direct conflict with and violates the mandatory provisions of Art. 36.14, V.A.C.C.P., which directs that the trial court shall not express any opinion as to the weight of the evidence shall not sum up the testimony, discuss the facts, or use any argument in his charge.[3]

A jury may disbelieve any portion or all of a witness's testimony, but they are not authorized to disregard it or any part of such testimony as the court's charge instructed the jury in this case. The jury may disbelieve the testimony, but they cannot refuse to consider it.

It is evident that the appellant has been deprived of valuable rights which denied him a fair and impartial trial and requires a reversal.

2. In his closing argument to the jury the prosecutor for the state argued as follows pertaining to the instruction quoted above and complained of: " * * * Let me point out one thing to you, ladies and gentlemen, and I think it's the most important thing in the whole charge. * * * And if that weren't so, his Honor wouldn't have told you."

3. In Collins v. State, 39 Tex.Cr.R. 441, 46 S.W. 933, which is quoted by the majority opinion as authority for holding that the instruction complained of here did not necessarily constitute reversible error, the Court held that the instruction complained of there was not subject to the criticism that it "tells the jury that they can arbitrarily regard or disregard the testimony of any witness or witnesses." It is pointed out that the instruction in Collins v. State, supra, *was not the same instruction* complained of by this appellant. In the case now before the Court the charge instructs the jury that they can disregard the testimony of witnesses as they may so choose.

Navar v. State, Tex.Civ.App., 344 S.W. 2d 188; Hudson v. State, Tex.Cr.App., 418 S.W.2d 813; and Wright v. State, Tex.Cr.App., 437 S.W.2d 566 cited by the majority opinion correctly state a rule of law, but they do not authorize an instruction such as was given in this case.