## CHARLES WORD vs. THE STATE.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Rape — Continuance — Sufficiency of Indictment — Evidence.*—An application, admitted to be technically good under the requirements of the statute, alone will not entitle the party to a continuance. This court wil not revise the action of the court below in overruling the application unless from the materiality and probable truth of the testimony, upon the absence of which the application is based, it be made to appear that the discretion reposed in the trial court has been abused.

The "common sense indictment bill" does not intend to limit or exclude the right to use other forms which are in conformity with statutory definitions and well established precedents.

In prosecutions for rape it would seem that proof of penetration could be established by circumstantial evidence.

Appeal from Bexar county.

Opinion by White, P. J.

This appeal is from a judgment of conviction for rape, wherein the penalty assessed is death.

An application for continuance made by the defendant, was overruled by the court before the trial was entered upon, and this ruling of the court is the first error complained of. If it be admitted that the showing was technically good under the requirements of the statute, this fact alone would not entitle the party to the continuance under the Revised Statutes, Criminal Code Proeedure, Article 560, the matter being one now within the discretion of the court even on a first application. When overruled and exception saved, the question of the correctness of the ruling again comes up on the motion for new trial when the materiality of the evidence sought, and its probable truth, are again considered in connection with the evidence elicited at the trial. Art. 560, sub. div. 6. If again held insufficient the matter when submitted for revision, to this court involves the correctness of the action as to materiality and probable truth—both must appear. Dowdy vs. State, 9 Texas, Ct. App., 292; Williams vs. State, 10 Texas, Ct. App., 528; Aiken vs. State, 10 Texas, Ct. App., 610.

Tested alone by its probability of truth, when viewed in the light of the evidence shown by the statement of facts, it is our opinion that the evidence sought to be produced, if it could be produced would be wholly wanting. It would be en-

tirely irreconcilable with facts and circumstances not only un-contradicted, but admitted to be true in defendant's theory of the case.

After the motion for continuance was overruled, defendant submitted a motion to quash the indictment which was also overruled. The propositions embodied in the motion were:

1. That the indictment failed to allege either that defendant was a male, that he was an adult male, or that he was over fourteen years of age.

2. That the indictment fails to charge the offense of rape as defined by law, and simply charges a conclusion of law.

Neither of these objections are tenable. It is true that under "the common sense indictment bill," as it is called, the form provided as sufficient in an indictment for rape is: "A. B. an adult male, did rape C. D. a female," [Acts 17th Legislatur, p. 61, form 8], still the forms there prescribed are not intended to limit or exclude the right to use other forms in conformity with the statutory definition and well established precedents. Indeed, if the form thus prescribed were absolutely necessary then only "adult males," could be indicted, tried and convicted for this most heinous crime—since "adult" has been held to mean one, arrived at or over twenty-one years of age (Schenault vs. State, 10 Texas, Ct. App., 410) whilst our statute provides by necessary implication, that a conviction for this offense may be had of a person who has attained the age of fourteen years. P. C., Art. 528. That the accused is an adult male or was over fourteen years of age need not be alleged if he is not, it is matter of defense.

As was said in Davis vs. State, 42 Texas, 226, "it is positively enacted and ordered by the code that persons under the age of fourteen are incapable of committing rape. But this is in a distinct and subsequent article from that in which the offense is defined and prohibited. It was therefore under the well settled rules of criminal pleading unnecessary to allege appellant's age in the indictment for the purpose of affirming his capacity to commit the offense."

Another objection urged for reversal is, that the evidence fails to show "penetration," which is an essential prerequisite to the crime. Penetration is necessary to be proved upon a trial for rape, and it is also declared by statute, P. C. Art.

527; and it is also well settled that penetration should be proved beyond a reasonable doubt, and that the jury should be so instructed, (Davis vs. State, 43 Texas, 189), but we imagine in cases like the present this proof like any other might and could be established by circumstantial evidence. It would be a monstrous doctrine, that villains who had rendered their victims insensible in order to effect their purposes should be freed from punishment because the victim could not swear positively to the act of penetration accomplished upon her during her state of insensibility. In this case the prosecutrix was stricken insensible by a blow from the crutch of her assailant, and in that condition was ravished by him, and whilst she cannot swear positively to the fact of penetration, she does state facts and circumstances which induced her to believe and know—and which are sufficient to satisfy any reasonable mind, if true, that her body must have been penetrated, in the manner and to the extent demanded in law for this offense.

The seventh paragraph of the charge to the jury submitted this issue in language stronger and more favorable to the accused, than is perhaps required by the law. Ruis vs. State, decided at the late Galveston term.

The charge was amply sufficient in every respect. Nor is there any question as to proof of the venue of the offense or identity of the accused.

She asserts positively in her direct examination "this all occurred in Bexar county, in the State of Texas and that is the man (pointing to the defendant) who treated me so cruelly."

As to the facts, and the sufficiency of the evidence to support the verdict and judgment, which is to all appearances seriously questioned by the appellant's counsel in the argument and brief here presented, we have this to say: That to our minds there can be no doubt, not the slightest, of the guilt of the accused, of the rape charged, if the testimony in this case was worthy of belief. That it was, the jury have said under the solemnity of their oaths; that it was, the court below, in the discharge of his high trust, has said, by overruling the motion for a new trial, based in part upon this ground; and that it is, the statement of facts agreed to by counsel for State and defendant, and approved by the court as contained in this record fully satisfies us. Under warrant and authority of law, after a fair and impartial trial, it has been ascertained that defendant has forfeited his life, on account of the heinous crime he has committed. We see no ground or occasion to interfere with the judgment, and it is in all things affirmed.