## W. S. FIELDS v. THE STATE.

### No. 1549. Decided June 25, 1898.

**1. Rape—Indictment—"Ravish."**

In defining rape, our statute uses the terms "carnal knowledge." Where an indictment charged that defendant "did then and there ravish and have carnal of the said A. R.," omitting the word "knowledge," after the word "carnal," Held, the word "ravish" was equivalent in meaning to "carnal knowledge," and the indictment was sufficient.

**2. Rape of Female Under Fifteen Years of Age—"Force"—Charge.**

Where the indictment for rape alleged an assault, and that the female was under the age of 15 years, and it was objected that the charge of the court was erroneous in defining force and "threats," the use of force and threats not being charged in the indictment, Held, there was no error; the evidence in the case showing that the rape was without the consent of the female, proof of force was part of the res gestae of the offense.

**3. Same.**

On a trial for rape of a female under the age of 15 years, where the evidence establishes the offense beyond question, and that it was without the consent of the female, a charge defining force and threats, even if unnecessary, is not injurious, because it does not tend to secure the conviction.

**4. Impeachment of Witness.**

A witness can not be impeached by evidence that he had knowingly committed bigamy, where he had never been indicted therefor.

**5. New Trial—Practice on Appeal.**

Affidavits referred to in a motion for new trial can not be considered on appeal where they have not been brought up in the record.

**6. New Trial—Newly Discovered Evidence to Impeach Witness.**

Ordinarily a new trial will not be granted for newly discovered evidence which is merely to impeach a witness.

APPEAL from the District Court of McLennan. Tried below before Hon. JOHN G. WINTER, Special Judge.

Appeal from a conviction for rape; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with rape committed "on or about" the 1st of April, 1897, upon one Alice Requardt, a female then and there under the age of 15 years, she not being the wife of appellant.

The testimony shows substantially that the prosecutrix was born on the 10th of December, 1882. That she had been married to Fritz Requardt about sixteen days, and since their marriage had been living at the house of the appellant, who was a married man. The day before the offense was committed, Mrs. Fields, wife of appellant, had gone to Waco to attend a sister who was sick, and Fritz Requardt, the husband of prosecutrix, had also gone to Waco on business, saying that he would return home that night or the next night. The room in which the prosecutrix slept adjoined that in which Fields, the appellant, slept. The prosecutrix testified that she sat up reading the Bible and waiting for her husband's return until about 10 o'clock, when she retired to bed— her bed being within about fifteen feet of the bed occupied by Fields, there being an opening between the two rooms without any door closing the same. That about 6 o'clock in the morning, while yet dark, after she had been asleep all night, she was awakened and found the defendant on top of her between her legs, and that he had penetrated her about one inch with his male organ. That she thought it was her husband on her, and called him "hunny," and then called him by name, "Fritzy," and that defendant said nothing; that she then threw defendant off her, and he tried again to come back, when she kicked him, and she got off to one side of the bed. In the evening, when her husband returned, she told him of the occurrence, and he got a wagon and they loaded their effects into it and went to the home of her father, who, upon being informed of what had occurred, went to town and filed a complaint against defendant with a justice of the peace.

Defendant introduced no testimony.

*R. H. Kingsberry* and *Dyer & Dyer,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant made a motion in arrest of judgment, on the ground that the first count in the indictment, the one on which appellant was convicted, did not charge any offense. The charging part of said indictment is as follows: That defendant, "W. S. Fields, in and upon Alice Requardt, a female then and there under the age of fifteen years, did make an assault, and the said W. S. Fields did then and there ravish and have carnal of the said Alice Requardt, the said Alice Requardt not being

then and there the wife of the said W. S. Fields,"—the ground of objection being that the indictment failed to charge carnal knowledge, the word "knowledge" being left out in that connection; and it is insisted that the word "ravish" does not supply this defect. The language of our statute, in defining rape, uses the terms "carnal knowledge," and does not use the term ravish;" and we can not hold this indictment good if the word "ravish" does not mean carnal knowledge. At common law the term or word "ravish" is essential in every indictment for rape; and it appears to include the idea that the party charged, forcibly and against the will of the woman, had carnal knowledge of the female. See Harman v. Com., 12 Serg. & R., 69. The learned judge in that case cites the definitions of the term "ravish" by Lord Hale, Hawkins, and Chitty, which support the view above announced, to wit, that the word "ravish" is equivalent in meaning to carnal knowledge of the woman against her will and consent. For a further definition of the term "ravish," see Harper v. Delp, 3 Ind., 225; O'Connell v. State, 6 Minn, 279 (Gil., 190); and Century Dictionary. This same view appears to prevail in this State. See Davis v State, 42 Texas, 226; Elschlep v. State, 11 Texas Crim. App., 301; Gibson v. State, 17 Texas Crim. App., 574. Evidently, the pleader in this case, from negligence, left off the word "knowledge" after the word "carnal." But we hold that this was immaterial, in view of the fact that the indictment contains the distinct allegation that the said W. S. Fields did then and there ravish the said Alice Requardt, which is equivalent to saying that he had carnal knowledge of her without her consent.

Appellant objects to the charge of the court, because it contained the definition of "force" and also of "threats," insisting that these definitions were unnecessary and misleading, because the indictment alleged that the prosecutrix was under 15 years of age, and that force and threats under such circumstances were immaterial. The statute says that the assault can be made upon a female under 15 years of age, with or without her consent, and with or without the use of force. An assault is alleged in the indictment; and, when we recur to the proof in the case, there is no suggestion of consent on the part of the prosecutrix. She appears to have been asleep, and appellant awoke her in the act of copulation. About the time he penetrated her person, she discovered that it was not her husband, and flung him from her. Now, notwithstanding the indictment does not charge the use of force, except as above stated by means of an assault, yet, in our opinion, it does not follow that the court erred in giving a charge on the use of force. The indictment is good for rape on a woman under age, without the use of force; and proof of force would merely be a part of the res gestae of the offense. Furthermore, we would observe that the jury assessed the lowest punishment; and the charge of the court with regard to the use of force did not serve to aggravate the offense in the minds of the jury. Nor can it be said that such charge tended to secure a conviction, because, on a re-

view of the testimony, the State's testimony shows, without question, the commission of the offense, and this is not gainsaid by any evidence on the part of the appellant.

Appellant proposed to prove by the witness Fritz Requardt, the husband of the prosecutrix, that he was married and had a living wife at the time he married the said Alice Requardt; and he states that this testimony was offered for the purpose of affecting the credibility of the witness Fritz Requardt, and of showing that he was knowingly guilty of a felony, to wit, bigamy, when he entered into the marriage relationship with the prosecutrix. We have held that proof of a legal accusation of felony or of a misdemeanor involving moral turpitude could be introduced to discredit or impeach a witness, but testimony of the character here offered is not admissible. Appellant proposed to go into the particulars of an alleged offense that had never found its way into any court. The judge did not err in rejecting this testimony.

Appellant, in his motion for a new trial, sets up, as a ground for a new trial, newly discovered evidence. He alleges that Fritz Requardt, when on the stand, swore that his wife was under 15 years of age at the time he married her, and that he had never made an affidavit that she was over 18 years of age for the purpose of procuring a marriage license. Appellant says that he has discovered since, from a certificate from the county clerk of Coryell County, that Fritz Requardt did make an affidavit before him that the prosecutrix was over the age of 18 years at the time he procured a license to marry her. In the application for a new trial on this ground, certain affidavits are referred to, but they do not appear in the record. So we can not consider this ground. Furthermore, we would state that the testimony is merely of an impeaching character. A new trial is not ordinarily granted for this character of evidence. We find no error in the record, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for a rehearing was overruled at the Tyler branch without a written opinion.—Reporter.]