FRANK JONES V. THE STATE.

No. 21672. Delivered June 25, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*C. A. Holloway,* of Clarksville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of a statutory offense and assessed the minimum penalty of five years in the penitentiary.

The prosecuting witness is a young girl whose age is estimated variously by its mother as from seven to twelve years. It is shown that she is in school and that she knows the given name of her teacher. The county health officer who testified in the case gave his estimate that she was eight or nine years of age and that she was of low mentality. He did not believe that she knew right from wrong, but his description of her placed her as a child a little less than normal. It is probably his conviction that she was not a competent witness. This presents a state of facts necessary for a consideration of appellant's bills of exception relating to the incompetency of the witness Ietta Freeman.

Appellant's bills of exception Nos. 1 and 2 are in question and answer form. There is no certificate of the judge that it was necessary to have it so and such bills will not be considered under the rules.

Bill of exception No. 3 recites the following purpose: "In support of this bill of exception defendant's purpose in objecting to said witness' testimony was directed at the force, effect and logic of her testimony generally from beginning to end and its lack of having the quality of *convinceness* due to its inconsistency and contradictions." We note also from the statement of facts, which is referred to and which gives the objection made to the testimony at the time but was raised after the witness had testified, that the grounds were: "Defendant objects to the incompetency of the witness Ietta Freeman on the ground that she does not know the difference betweeen right and wrong and so stated in answer to many questions."

We are not certain that we are able to understand just what is intended to be presented to the court by this bill, but assume that it was intended to object to the testimony of this witness on the ground that she was incompetent. In the first place the evidence of the witness had been given before objection was made and it does not appear that any motion was made to have it withdrawn from the jury.

It is true that the child is quoted as saying she did not know right from wrong, but she says she knows what the truth is and does not know what a lie means. It is true also that the county physician placed his estimate of the child as being irresponsible and of mentality below the average. The county physician was not the person to pass on this matter. She

had given her testimony which appears from the record to be fairly intelligent. She told the story of the crime in detail and stood up to it under cross examination. The trial judge observed her, heard her testify and specifically passed on the question, which it is believed the bill of exception presents. This was properly within his province and it is not for this court to say that he abused his discretion under the facts of this particular case. Branch's Annotated Penal Code, Section 1771, and authorities there cited.

Bill of Exception No. 4 presents nothing for this court's consideration. Whatever is intended to be complained of is embraced in the expression, "Reference is made to Defendant's First Amended motion for new trial." This court will be unable to consider the bill thus written.

The defendant took the witness stand and denied his guilt. He specifically denied each and every statement of the several witnesses who testified against him. The parties belong to the colored race and the unusual testimony which is presented by the State strongly indicates a desire upon the part of all of the witnesses to be consistent with each other and to emphasize that which points unerringly to appellant's guilt. It is a rather remarkable social community even for the lowest class of colored people, but not without precedent. The jury had the parties before them and gave the appellant the lowest penalty and, in the absence of an error requiring the reversal of the case, we do not feel that it is the province of this court to say that the evidence was insufficient upon which the jury may find the appellant guilty.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant asserts that we failed to fully discuss his Bill of Exception No. 4 in which he challenges the sufficiency of the evidence to justify and sustain his conviction. This seems to be his main and only contention. In order that this opinion may correctly reflect what the record discloses, we will quote the essential and pertinent parts of the testimony.

Ietta Freeman, the alleged injured female, testified:

"We went to the show. Frank took me to the show, and he took me down to his house. He laid me down at his house and he put some grease on his thing, and some of that water. * * * When Frank laid me down he put some grease on me and some of that water. He put the grease right there, between my legs. * * * Frank then got on top of me and let his own self down. He put his private parts in my private parts." (S. F. p. 7).

She further testified:

"It was on the saw dust pile on the railroad track. * * * It was not close to the depot, but it is close to Mr. Funk's store."

Will Taylor testified among other things as follows:

"I know Frank Jones. * * * I was in the home of Dora King at one time when the defendant, Frank Jones, was present. * * * The little girl made a statement there when I came up and I heard it. Ietta said Frank laid her down and put something on her that looked like grease, * * * and she said *she* did it in the saw dust pile and down the railroad below the section house, which is in Red River County, Texas. * * * I heard Frank say that he was guilty and he was going to ask the girl's mother to forgive him. It was last week one day."

Charlie Brown testified that the injured female was his half-sister; that she was born in 1931; that she was a little better than nine years old.

Dr. C. N. Atkinson testified:

"I know Ietta Freeman, and I recall the time I examined her. It was Monday night a week ago, around about the 3rd. * * * The result of my findings was that she had been interfered with. The hymen was ruptured and it was in a state of irritation and congestion. * * * By saying she had been interfered with I mean she had had intercourse, and I mean by intercourse that her private organ had been penetrated by something as large as a man's male organ. * * * I would not undertake to tell the jury what penetrated her or who penetrated her."

Virgie Lee Gilbert testified that she was at Dora King's home when Frank Jones was there and he questioned appellant as to whether he had been with this little girl; that at first he said, "No" but later said, "Yes"; that he did it. He said it took

place on the saw dust pile. The witness further stated that appellant was not married to the injured female.

Appellant denied the act and claimed it was a frame up. It may be that the little girl was of low mentality, but she testified to the sexual act in which she is corroborated by the doctor. The mother may be a common prostitute but that did not make her an incompetent witness. There was testimony by other witnesses to the effect that appellant had admitted to them that he had sexual intercourse with the little girl. Of course, on his trial he denied all of it, but this raised an issue of fact which the jury decided adversely to him.

We hope that we have sufficiently set out the testimony to convince an unbiased mind of the sufficiency of the evidence to sustain the jury's conclusion of the appellant's guilt. Appellant cites us to the case of Perkins v. State, 76 S. W. (2d) 135, as supporting his contention. That case was one of rape by force and it has no application here. In the case of Bartlett v. State, 38 S. W. (2d) 103, it will be noted that the doctor who examined the alleged injured female testified that he found nothing to indicate that she had been assaulted, which is not the case here.

Being of the opinion that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.