### JOSE MALLETT, JR., V. THE STATE.

No. 21861. Delivered January 21, 1942.
Rehearing Denied February 25, 1942.

The opinion states the case.

*L. D. Griffin,* of Alice, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of a statutory offense and given a sentence of seven years in the penitentiary.

The prosecuting witness was Delfina Nunez, a young Mexican girl seventeen years of age. According to the evidence, which was practically admitted in its entirety by the appellant, the prosecutrix and another young girl entered the car driven by appellant and his companion on the 10th day of February, 1941, in the late afternoon. This was in the town of Alice in Jim Wells County, but they were driven during the night into Duval County after making a considerable round of various places. Finally they parked in their car and slept in it, the

two couples being, one in the front seat and the other in the rear seat. It was at this place that the act was committed. The prosecuting witness detailed a horrible story of mistreatment in which she was whipped with the appellant's belt and kicked and shoved into some bushes, in corroboration of which she afterwards exhibited her bruises and the torn condition of the dress she was wearing. She declares that she and her companion learned from her son the whereabouts of the girls and home but they refused to do so. This part, of course, was denied by the appellant. He admitted the act of intercourse but says it was according to a previous arrangement and in keeping with the past conduct which he had with the witness. The parties remained together during the day of the 11th and the next night. Finally the two men rented a room in an old house in the town of Falfurrias and returned in the car to Alice, leaving the girls by themselves. In the meantime, officers had been in search of the missing parties and upon their return the men were arrested. The mother of the appellant's companion learned from her son the whereabouts of the girls and went to the town of Falfurrias and returned them to their respective homes. When the prosecuting witness reached her mother she told the story which is detailed in the statement of facts of this case and exhibited to the mother her wounds and the torn clothing, a part of the clothing being preserved and exhibited to the jury upon the trial of the case.

The story of the two nights and days that the parties were out together is so horrible as to be unbelievable and yet appellant has denied but little of it save and except the question of force and contends that the prosecuting witness was of unchaste character because he had been with her on previous occasions.

Upon the arrival of the prosecuting witness at her home a physician was called and his testimony substantiates the story of both girls and the mother, which indicates the use of force by appellant in the accomplishment of his purpose and also, to some extent, the claim of the prosecutrix that she had not formerly had sexual intercourse with the appellant or any other person. Appellant attempted to prove his contention of unchaste character by a number of other witnesses, who seem to have disappointed him utterly when placed on the witness-stand. It, therefore, became a question for the jury to determine as between appellant's version of their experience together and that of the prosecutrix with the corroboration of the doctor, and also of her sister who was in position to testify in denial

of some of the things to which appellant testified and who flatly denied his story. The jury performed its services in the case and decided the question of fact contrary to appellant's interest. The evidence amply justified them in doing so and their conclusion will not be disturbed.

The most serious complaint presented on the appeal is the objection leveled at the court's charge which permitted the jury to find the appellant guilty if the evidence warranted the conclusion that he accomplished his purpose by force, in addition to that of submitting rape of a female under the age of eighteen years. The portion of the charge complained of is as follows:

"* * * did then and there unlawfully in and upon Delfina Nunez, a female then and there under the age of eighteen years, make an assault and the said Jose Mallett, Jr., did then and there ravish and have carnal knowledge of the said Delfina Nunez, the said Delfina Nunez not being then and there the wife of the said Jose Mallett, Jr."

It is contended that this charges only statutory rape and not rape by force. It will be observed that the word "ravish" is used in the indictment. This word has been held to imply a want of consent and the use of force. Davis v. State, 42 Tex. Rep. 226; Alexander v. State, 127 S. W. 189, 58 Tex. Cr. R. 621; Fields v. State, 46 S. W. 814, 39 Tex. Cr. R. 488. See also Article 1183, Vernon's Ann. P. C., (Note 6). We here follow these authorities. See Rogers v. State, 63 S. W. (2d) 384, 124 Tex. Cr. R. 430, and cases there cited.

Bill of Exception No. 1 complains of the action of the court in permitting appellant to ask certain questions which it is contended are leading. This bill consists of questions and answers without the proper certificate of the court. It cannot be considered. Lee v. State, 274 S. W., 582, 100 Tex. Cr. R. 664; Article 667, Vernon's Ann. C. C. P., (Note 33).

The same defect is found in Bill of Exception No. 2 as well as several others, neither of which will be discussed for the reasons stated in connection with Bill of Exception No. 1.

Bill of Exception No. 3 complains of the action of the court in permitting the mother of the prosecutrix to testify as to the age of her child. This objection is not well taken. White v.

State, 135 Tex. Cr. R. 448, 120 S. W. (2d) 452. Furthermore, her age was amply proven by evidence to which there is no objection, and there is no contest made by appellant on this question. On the contrary, he apparently admits that she is under eighteen years of age and defends on the ground that she is of unchaste character because he had been associated with her in the same manner on previous occasions. He offered no evidence to show she was eighteen.

Bill of Exception No. 4 is not considered for the reasons stated in connection with Bill of Exception No. 1.

We do not believe that Bill of Exception No. 5 reflects error.

Bill of Exception No. 6 presents quite a lengthy record which we have carefully reviewed. Mrs. Cunningham, a witness in the case, was placed under the rule and while remaining in waiting she approached the attorney for the appellant as he was talking to a witness about her testimony. It was the attorney's impression that she had been standing behind him listening to what the witness said to him, but he did not know that she was there during the time and she denied that she had heard the conversation. The trial court very properly exercised his discretion in the matter and permitted the witness to testify. His ruling will not be disturbed.

Bill of Exception No. 7 complains of the statement of the District Attorney in his closing argument in which he commented upon the appellant in the following language:

"Gentlemen, the defendant is brazen, independent, he's smart, he doesn't ask for sympathy, he didn't even file an application for a suspended sentence."

The objection is in the following language:

"Because it was not the law in the case and was arguing law that was not in the Court's Charge; that said argument was very inflammatory and highly prejudicial" etc.

We think the court properly overruled the objection as it was made.

Bill of Exception No. 8 is fully discussed in connection with the paragraph of the court's charge above quoted to

which it relates. Furthermore, it appears that no objection was made prior to the time the charge was given to the jury.

In his motion for a new trial appellant complains of the action of the trial court in receiving the jury's verdict. The District Clerk was recalled, who testified that when the verdict was returned and read it simply said that his penalty was assessed at "seven years in the penitentiary" etc. The court suggested that the word "confinement" be inserted after the word "years" and before the word "in" which followed it. The jury gave their assent and as so inserted they accepted it as their verdict. Appellant complains of this action and cites several authorities, neither of which sustains his contention. On the contrary, it seems that the court followed specifically the suggestion of this court in Cooper v. State, 126 S. W. (2d) 974, which is one of the authorities upon which appellant relies in support of his contention that it was error. The verdict was clear as returned and the inserted word did not change its meaning.

The foregoing discussion sufficiently expresses the views of this court on the questions under consideration and we do not view the other questions raised by the brief of sufficient importance to require discussion, all of which are herein specifically overruled.

The judgment of the trial court is affirmed.

#### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains of an immaterial statement in our original opinion in which it was stated that appellant "rented a room in an old house in the town of Falfurrias." The name of the town wherein the room was rented should have been "San Diego."

Complaint is again made relative to the argument of the State's attorney, set forth in bill of exceptions No. 7. After a careful reading of the entire statement of facts, we think the comment of the State's attorney was a justifiable one, in the light of the record. We think the portion relative to his smartness and brazenness and attitude of appellant was fully borne out by his conduct not only as testified to by the wit-

nesses but also by his own conduct while upon the witness stand. It was shown by his own testimony that he was a married man, who, in company with another, took two school girls, one sixteen years old and the other seventeen years old, and drove over the surrounding counties for two days and nights, and finally abandoned and left them, after both girls had been ravished, so they say, by means of force and threats, and while upon the stand he not only admitted these acts of intercourse, but claimed other previous acts with this girl when she was fifteen years of age, all of which previous acts were refuted by proof.

We think these comments were justified by the record.

The motion is overruled.