GUS KODAK, *alias* JIMMY JAMES v. THE STATE.

No. 22282. Delivered November 18, 1942.

The .opinion states the case.

*Marvin Beaty* and *H. R. Bishop,* both of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Gus Kodak was sentenced to the penitentiary for a term of ten years for robbery with fire-arms.

We find four bills of exception in the record which, in our view, present no error and a discussion of them is not given for the reason that they are in question and answer form without a certificate of the trial judge to the effect that it was necessary to give the questions and answers as is provided by statute. Vernon's C. C. P. Art. 667, note 24, Vol. 2, page 506.

We find no exceptions to the court's charge and the only question raised in the motion for a new trial is that the evidence is insufficient to sustain the verdict. This will be the only matter considered.

It appears that on January 27, 1933, while O. H. Simpson was engaged in his office in making a settlement with another party, two people entered the room and robbed him of $125.00. A pistol was used and Simpson was shot through the mouth, the bullet landing in his neck. The evidence submitted details the crime of robbery by fire-arms, as charged. It appears that appellant escaped and was located about eight years later in

New York City, where he claims to have lived all of the time. He admitted his presence in Fort Worth a short while prior to the robbery. He had been discharged from the State penitentiary and went to Fort Worth to see a woman with whom he had been corresponding and he claims to have lived with her for the few days he was there. Soon after arriving, he met another party whom he had known in prison. This individual was apprehended soon after the robbery, was tried and convicted and sentenced to the penitentiary for his participation in it with Kodak. Appellant contends that he left Fort Worth for New York to be with his brother and arrived there on January 15, 1933. He denies the charge against him and denies he was in Fort Worth at the time. Mr. Simpson went to New York with the officers, found the appellant in prison and brought him back to Texas. He identified the accused from the witness stand as the robber. A number of other witnesses were called who contradicted the appellant's claim of an alibi. One of these witnesses testified that he loaned appellant $5.00 on a pistol the morning after the robbery of Simpson. The pistol was recovered by the officers and identified as being the one which the robbers took away from Simpson when he attempted to defend himself with it. This evidence connects him directly with the robbery and sustains Simpson's identification of him. Appellant presented no evidence to corroborate his claim of an alibi. All essential facts necessary to connect appellant with the offense were offered by the State and it was the province of the jury to determine all fact issues. The evidence amply justifies the jury's verdict.

The judgment of the trial court is affirmed.