Branch's Ann.Tex.P.C., p. 1065, sec. 1914, says: "The charge of the court should not submit the theory of defense of another when there is no evidence to support it." Bedford v. State, 36 Tex.Cr.R. 477, 38 S.W. 210; Mitchell v. State, 38 Tex.Cr.R. 170, 41 S.W. 816; Rembert v. State, 67 Tex.Cr. R. 307, 148 S.W. 1097; Singleton v. State, 74 Tex.Cr.R. 71, 167 S.W. 46, 49.

If appellant's brother for whom he feared was in any difficulty with anyone, it is not shown by the evidence, and appellant does not say that he saw him in such difficulty. True it is he says that when he went "outside" he feared his brother was going to get hurt, but when he arrived "outside", he doubtless found such fear groundless, and his fear changed to himself, and he then felt like he had to use his knife to protect himself. From the testimony we gather that Moses was not hurt in any way, and he testified: "I didn't lay my hands on him (Guillen); I guess David did the work. The reason he did was because he hit him. I was scared but I don't know about David."

We think that because of the mere fear that Guillen might hurt his brother Moses such would not justify an attack upon the injured party by appellant, especially is this true where it is shown that no attack was being made upon Moses.

In the case of Mitchell v. State, 38 Tex. Cr.R. 170, 41 S.W. 816, cited in Branch, supra, it was held that where it appeared that the accused fired on the deceased solely to prevent him from killing the accused, it was not error to fail to charge upon the accused's right to kill deceased if he was attempting to take the life of accused's friend, and especially so where such attack of deceased was not seen by the accused.

In the case of Shine v. State, 99 Tex. Cr.R. 418, 269 S.W. 804, an attack was in progress against not only the accused but also against his friend. To the same effect

are the facts proven in the case of Townsend v. State, 130 Tex.Cr.R. 202, 93 S.W. 2d 156, as well as in the case of Martinez v. State, 142 Tex.Cr.R. 313, 152 S.W.2d 369.

We are impressed with the thought that appellant cut the injured party because, as he claimed in his testimony, of their own difficulty and not while acting in the defense of his brother. We think the trial court correctly refused the charge relative to the defense of another.

Thus believing, the judgment will be affirmed.

## DE LEON v. STATE.

### No. 23483.

Court of Criminal Appeals of Texas.

Jan. 22, 1947.

Rehearing Denied May 14, 1947.

J. W. Ragsdale, of Victoria, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of murder with malice and assessed a penalty of 10 years in the penitentiary.

■ ■ The appellant, the deceased, and the principal witnesses in the case, are all of Mexican descent. The evidence is much in conflict as to the things which happened in the afternoon preceding the killing, but all material issues thus involved were decided by the jury for the state. Any discussion of the evidence herein will be from that standpoint. If the state's evidence be true, as the jury viewed it, the verdict of guilt was justified. We need, therefore, to consider only the complaints raised by the bills of exception based on the introduction of evidence and the argument of the prosecuting attorneys, and will only notice such testimony as is necessary for consideration of these questions.

According to the state appellant, deceased and others, had spent the forenoon of a Sunday and until about 3 o'clock in the afternoon at a ranch in Victoria County, engaged in gambling. They then returned to the City of Victoria and were in and around a beer joint where all parties were imbibing quite freely. A dispute arose between the appellant and deceased over a small amount of money. All material evidence of the state was contradicted by appellant. Without dispute this disturbance arose between the appellant and the deceased, after which appellant went to the home of a brother of the deceased and consulted him about some of their personal relationships. While they were standing in a street, or alley, discussing it the deceased passed by them. Soon thereafter he returned and at this time the killing occurred.

At the trial the appellant interposed a plea of self-defense. This was denied by the brother of the deceased who told a different story. The other evidence in the case is principally involved in denials and corroborations of such testimony.

About 30 or 45 minutes after the shooting appellant went to the home of a friend, a private citizen, who lived a short distance away—close enough to hear the shots. He told this friend what had occurred and that he wanted to surrender. This gives the background for the consideration of the first bill of exception we desire to discuss, and presents a question in our opinion quite troublesome. It comes to us in a different way to what we find it in any of the decisions of this court, or those of other jurisdictions. The state relies upon some of the statements made by appellant to this friend, while appellant contends that he was at once under arrest and that such statements are inadmissible under the rule. Bill of Exception No. 3 brings the issue to us. The court refused to approve the bill as presented, and, appellant having excepted to his qualifications, the court presented his own bill designated "the trial court's Bill of Exception No. 1." This is the bill we must consider if, in fact, we are permitted to do so at all under the rule. Much of the evidence complained of is set forth in the bill, as are many of the others, in question and answer form. There is no certificate of the judge that it is necessary to do so, and a large portion of the bill may not be considered under the rules laid down in our Code of Criminal Procedure. Jones v. State, 142 Tex.Cr.R. 426, 154 S.W.2d 456; Hyde v. State, 138 Tex.Cr.R. 457, 136 S.W.2d 850; Mallett v. State, Tex.Cr.App., 158 S.W.2d 792; Kodak v. State, 145 Tex.Cr.R. 55, 165 S.W.2d 908; Austin v. State, Tex.Cr.App., 187 S.W.2d 222; Vernon's Ann.C.C.P., Art. 667, Note 24.

Under the court's bill it is probably permissible for us to consider the question of whether or not appellant was under arrest. The court says that, in his view, appellant went to his friend (Jasper Garcia) only as a consultant, "and that the defendant, at the time of his conversation with Jasper Garcia, was not under arrest, and had no reason to believe that he was under arrest or any kind of restraint or custody, and did not believe that he was under arrest or any manner of restraint." He substantiates this by a quotation from the testimony of appellant as follows: "Yes sir; I went to Jasper's house to tell him I want to give up with Mr. Rogan." Rogan was the sheriff of the county. Considered with the statement made by Jasper Garcia, the witness, we are constrained to believe that the court's conclusion was correct. The right of a citizen to arrest a citizen against his will is very limited. It has been said that "The liberty of the citizen is as important as the interest of society." Alford v. State, 8 Tex.Cr.App. 545, at page 560. This opinion also says: "No person other than an officer can make an arrest, unless a felony or breach of the peace is committed in his presence or within his view, or unless he be specially appointed by a magistrate to execute a particular warrant, or is summoned to the aid of an officer, as a part of the posse comitatus." The power to arrest is controlled by statute and it has never been a tendency of the court to enlarge on that power. Jones v. State, Tex.Civ.App., 109 S.W.2d 244; Rodriguez v. State, 146 Tex.Cr.R. 206, 172 S.W.2d 502.

The only question which could arise is whether or not there is a distinction between the power of a private citizen to arrest a party contrary to his wishes and the effectiveness of such attempted arrest with the consent of the party retained.

Admittedly a prosecution for false imprisonment could not be based upon such arrest, nor would the arrested party be heard to complain in damages because of such arrest. We are unable to conclude, however, that the willingness of the accused to place himself in the hands of a friend to be, by him, placed in the custody of officers of the law would render statements made by him inadmissible under the statute regulating the admissibility of such statements. It is our conclusion that the statements made to Jasper Garcia were admissible.

■ Furthermore, such statement when considered as a whole contains more exculpatory evidence than injurious matter and it is very doubtful that the probative force of the entire statement had any helpful effect in the state's case.

Appellant's Bill of Exception No. 4 does not show error.

■ Bill of Exception No. 5 complains of the argument of Mr. Edwards, the County Attorney. The court qualifies this bill with the statement that appellant's attorney objected to said argument, after it was made, as being one to create prejudice in the minds of the jury. No request was made for any instruction to the jury, but the court cautioned counsel to confine his argument to the case. The attorney then stated that another ground of objection is that it is "a plea calculated to arouse the prejudice of the jury and one which is calculated to cause them to return a verdict in order that something else may not happen in the future." The argument that is complained of is as follows: "As I stated before, neither Mr. Martin nor myself are interested in this business, but we are vitally interested in it as the representatives of the citizens of this County, and unless we take steps now to put an end to these crimes of violence we will wake up some morning and find a situation on our hands completely out of control." There is nothing in the bill to negative the fact that this argument was made in response to argument of counsel for defendant, or that it was invited by any such argument, the only statement being that it was made in the opening argument for the state. Furthermore, we think no error is shown.

Bill of Exception No. 6 complains of the following argument of the County Attorney: " * * * We will have no quarrel with your return of your verdict, but in this case we believe that this man is guilty and that is our case. * * * " The same defect pointed out in Bill No. 5 applies to Bill of Exception No. 6. As qualified by the court the bill does not show error.

Bills of Exception Numbers 7, 8, 9, 10 and 11 all relate to arguments by the Honorable Frank Martin, District Attorney, in closing the state's case. In neither bill do we find the required negative statements that such argument was not invited and was not in answer to any argument made by the attorney for appellant.

This court is reluctant to refuse to consider bills of exception which have been so comprehensively prepared because of defects such as those pointed out, but counsel for appellant will understand that while requiring trial courts to observe the rules of procedure we too must respect them in their fullness. If the rules are trivial or unfair, they are the handiwork of the legislature and not of this court.

■ By Bills of Exception Nos. 12 and 13 complaint is made that the court refused to submit certain special requested charges, in each of which we find that he, in effect, wanted the jury told that they could consider the general reputation of the defendant to determine whether or not at the time of the homicide the defendant was likely to have committed the offense as charged in the indictment. Such instruction would have singled out certain testimony and have given undue emphasis to it. They would have been charges on the weight of the evidence. The court properly refused them.

Finding no error, the judgment of the trial court is affirmed.

## On Appellant's Motion for Rehearing.

HAWKINS, Presiding Judge.

■ Appellant renews his contention that the statements made by him to Jasper Garcia should not have been admitted in evidence because appellant had surrendered to Garcia, and was in his custody, and that the admission of this evidence was in violation of art. 727, C.C.P. The question was brought forward in appellant's bill of exception number three, and in the trial court's bill of exception number one. We have again examined both bills as well as Garcia's testimony on pages 36 and 37 of the statement of facts, to which we are referred in the court's bill. It would serve no useful purpose to lengthen this opinion by a recital of the facts upon which the solution of the question turns. The trial

court heard the testimony upon the voir dire examination of the witness Garcia to determine the admissibility of appellant's statements made to the witness, and his conclusion is concisely stated in the bill prepared by the court as follows: "The Court disagreed with Mr. Ragsdale's contention that the testimony showed that Jasper Garcia was taking the defendant in custody or in any other manner had any control over the defendant, and that the said Jasper Garcia was acting as a de facto officer, and it was the view of the Court that the entire proceedings showed that Jasper Garcia was acting only as a consultant and a friend of the defendant, and that the defendant, at the time of his conversation with Jasper Garcia, was not under arrest, and had no reason to believe that he was under arrest or any kind of restraint or custody, and did not believe that he was under arrest or any manner of restraint."

From a re-examination of the whole matter we still believe the trials court's conclusion as above shown was correct.

Appellant again urges that the evidence falls short of supporting a killing upon express malice. A careful review of the facts fails to impress us with the soundness of this contention. The State's evidence upon this point was accepted by the jury as true and showed that appellant had become incensed at deceased over a money transaction, and because of that had gone to the brother of deceased late at night to decline to act as God-father to the brother's child; and appellant's statement to Garcia and to the brother of deceased shows this money matter still rankled in appellant's breast, and supports the conclusion from the State's evidence that this was the moving cause of the killing.

Regarding bill of exception number five complaining of argument which is set out in our original opinion, we now believe the recital in the bill that the statement was made in the opening argument for the State is sufficient to negative the fact that it was not provoked by any argument of appellant's counsel, but we do remain of the opinion that no reversible error appears for the argument complained of.

Bills 7, 8, 9, 10 and 11 were properly disposed of for the reasons stated in our original opinion. However, because of the oral argument in submitting the motion for rehearing we advert to bills eight and nine, which reflect the argument that the witness Garcia had committed perjury, and denounced him therefor. It is admitted by appellant that the witness had committed perjury, but because in some respects he supported appellant's version of the killing it was argued in presentation of the motion for rehearing that such argument in the trial court was an abuse of appellant, and a reflection upon him which was not permissible. We are not able to logically follow the argument in the trial court to the conclusion of appellant's counsel in his oral argument before this court.

Having considered all matters presented in appellant's motion for rehearing and oral argument thereon, we remain of opinion that no reversible error appears, and the motion for rehearing is overruled.